

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GUY V. FORRESTER, SR.,** and **KIMBERLY M. FORRESTER,**     Plaintiffs, <br><br> v. <br><br> **MIDFIRST BANK,**     Defendant. | Case No.: 2:18-mc-01392-MHH |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on MidFirst Bank's amended motion to withdraw the general order of reference pertaining to an adversary proceeding that the Forresters filed against MidFirst in bankruptcy court. (Doc. 4).

On August 16, 2013, plaintiffs Guy and Kimberly Forrester filed a Chapter 13 bankruptcy petition. (Doc. 4, ¶ 1; Doc. 6, ¶ 6). The Forresters included in their Schedule D a secured mortgage debt and identified MidFirst Bank as a secured creditor. (Doc. 4, ¶ 1; Doc. 6, ¶ 2). While the bankruptcy proceedings were pending, on at least three occasions, MidFirst mailed a "Bankruptcy Message" to the Forresters. (Doc. 6, ¶ 3; Doc. 6-1; Doc. 6-2; Doc. 6-3). The document states:

**Our records show that you are a debtor in bankruptcy. We are sending this**

**statement to you for informational and compliance purposes only. It is not an attempt to collect debt against you.**
If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.
**If you want to stop receiving statements, write to us.**

[PLEASE FORMAT AND PROOF AGAINST DOCS] (Doc. 6-1, p. 1; Doc. 6-2, p. 1; Doc. 6-3, p. 1).

In response, the Forresters filed an adversary proceeding in the bankruptcy court. (Doc. 6, ¶ 4). The Forresters contend that MidFirst's mailings constitute demands for payment that violate the automatic bankruptcy stay under 11 U.S.C. § 362(a)(3). (Doc. 6, ¶ 3). Pursuant to 28 U.S.C. § 157(d), MidFirst asks the Court to withdraw the reference and exercise jurisdiction over the adversary proceeding. (Doc. 4).

District courts possess "original and exclusive jurisdiction" of cases under Title 11 of the Bankruptcy Code. 28 U.S.C. § 1334. A district court may refer those cases to a bankruptcy court. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). This Court has issued a general order of reference for bankruptcy matters. Pursuant to § 157 (d), the Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

The Court must "on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

The Court grants MidFirst's motion to withdraw the general order of reference with respect to the Forresters' adversary proceeding because MidFirst has shown good cause for doing so. There are multiple adversary proceedings pending in this district against MidFirst, and those proceedings will require interpretation of regulations that the Consumer Protection Financial Bureau recently enacted. The Forresters acknowledge that MidFirst's affirmative defense concerning the regulations presents a question of first impression that "requires the material consideration of non-bankruptcy law." (Doc. 6, p. 5). Because the issues in the adversarial proceeding require the material consideration of non-bankruptcy law and because a decision by the bankruptcy court on a question of first impression likely would generate an appeal to this Court, withdrawal of the reference will promote efficient use of the parties' and the Court's resources. *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000).

Also pending before the Court is the parties' joint motion to consolidate. (Doc. 9). Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the parties ask the Court to consolidate this matter with other related matters pending in this

district.  As a matter of settled practice, when parties ask to consolidate related cases in this district, the cases typically are consolidated by and before the judge presiding over the first-filed case.  The practice prevents judge shopping.  The Forresters' case, Case No.: 18-CV-1392, is the first-filed case among the cases that the parties seek to consolidate, but the parties have asked that their cases be joined in Case No. 5:18-CV-01398-LCB.  The parties' motion to consolidate does not offer a reason for a deviation from this Court's practice.  (Doc. 9).  Therefore, the Court denies without prejudice the parties' joint motion to consolidate the related adversarial proceedings before Judge Burke.  Judge Burke should decide whether the parties can show good cause for an exception to the Court's practice.

    The Court asks the Clerk to please term Docs. 1, 4, and 9.

    **DONE** and **ORDERED** this February 8, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE